4m244|
| 93 221|

CHANCERY.                  **Bailey & Carter vs Welch, &c.**

*Case 48.*                APPEAL FROM THE LINCOLN CIRCUIT.

                          *Attachment in Chancery.   Priority of Equity.*

*October 25.*       CHIEF JUSTICE EWING delivered the opinion of the Court.

An equitable
lien existing by
written agree-
ment, with a
surety for the
payment of the
consideration of
land purchased,
though not re-
corded, will not
be overreached
by an attaching
creditor who has
notice of that
equitable lien.

THE agreement between J. L. Welch and his brother and brother-in-law, on their agreeing to become partners in the purchase of the land from Lee and to become bound as his sureties for the payment of his part of the purchase money, that they should retain a lien on the land for their indemnity against this liability as well as others incurred for him, though not recorded as perhaps required by the statute of 1837, (3 *Stat. Law*, 143,) is prior in time to the equity of the complainant. Their equity in the specific property or fund attached, commenced only with the service of the attachment; and having actual notice of the defendant's prior equity before they acquired any *legal* advantage, they, as complainants in a Court of equity, will not be permitted to overreach it. It would not be doing equity, but acting unconscientiously to do so.

The amount of liabilities incurred, and in part paid, exceeds, according to our estimate, the whole amount of J. L. Welch's interest in the land, or in the proceeds of its sale to Lewis. Independently, therefore, of the settlement between Welch and his brother, by which his whole interest was absolutely vested in his brother and brother-in-law, and a balance found due them, and which was made before the service of process, actual or constructive, on the two who made the settlement, the equity which before attached in their favor, being prior and covering the whole value of the fund and more, in time, is paramount to the equity of the complainants, and cannot, in good conscience, be superseded by it.

The decree of the Circuit Court is, therefore, affirmed with costs.

*Harlan & Craddock* for apellants: *Robertson* for appellees.